

PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

July 9, 1949.

Hon. Frank C. Dickey      Opinion No. V-837.
County Attorney
Coke County          Re: Issuance of time warrants
Robert Lee, Texas         under facts submitted.

Dear Sir:

You have requested an opinion regarding the
authority of the Commissioners' Court of Coke County to
issue time warrants for the construction of a county
hospital under the following circumstances. On May 20,
1949, the Commissioners' Court gave notice to the bid-
ders that on June 18, 1949, the Commissioners' Court of
Coke County would let a contract for the building of a
county hospital and pay for the construction by the is-
suance of time warrants payable over a period of years
not to exceed twenty. On June 18, before bids were
opened and before any action was taken on the letting
of the contract, a petition of duly qualified property
taxpaying voters numbering in excess of ten per cent of
the number of qualified property taxpaying voters as
shown by the last approved tax rolls was presented to
the Commissioners' Court in writing to submit to a ref-
erendum vote the question as to the issuance of bonds
for the purpose of paying for the construction of the
county hospital named in the notice of May 20, 1949.

It was held in Attorney General's Opinion No.
V-779 that if the proceedings authorizing the issuance
of $67,000 of warrants inquired about in that opinion
were in accordance with the terms and conditions of Ar-
ticle 2368a, and if no referendum petition were filed in
connection therewith, then such warrants could lawfully
be issued. It was held in Attorney General's Opinion
V-728 that the Commissioners' Court was authorized to
issue additional warrants for the purpose of improving
the grounds of Bexar County Agricultural and Livestock
Building subject to the right of referendum by the vot-
ers.

According to the facts submitted by you, a pe-
tition of duly qualified voters in excess of ten per
cent of the number of qualified voters shown by the last

approved tax rolls was presented within the time prescribed by law to the Commissioners' Court in writing to submit to a referendum vote the question as to the issuance of bonds for the purpose of paying for the construction of the county hospital in question. Section 4 of Article 2368a gives the voters the right to file a referendum petition on such questions; and Article 4478 V.C.S., upon the petition by ten per cent of the qualified property taxpaying voters, authorizes an election for the issuance of bonds for the establishment, enlargement, and equipment of the county hospital. In view of the facts submitted, it is our opinion that the Commissioners' Court of Coke County cannot legally issue the time warrants in question, but must submit to the qualified property taxpaying voters the question as to the issuance of bonds for the purpose of paying for the construction of the county hospital.

### SUMMARY

Where a referendum petition by ten per cent of the qualified property taxpaying voters of a county has been presented to the Commissioners' Court within the time prescribed by law, petitioning the court to submit to a vote the question as to issuance of bonds for the purpose of paying for the construction of a county hospital, the Commissioners' Court does not have the authority to issue time warrants for such purpose, but must submit to the voters the question of issuance of bonds for the purpose of paying for the construction.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Jook Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL

By *John Reeves*

John Reeves
Assistant

JR:bh